David Evans #5-1660
Hickey & Evans, LLP
1800 Carey Avenue, Suite 700
P.O. Box 467
Cheyenne, WY 82003-0467
PH: (307) 634-1525
FAX: (307) 638-7335
devans@hickeyevans.com

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

MAR 16 2011

Stephan Harris, Clerk
Cheyenne

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| GIL CROSTHWAITE and RUSS BURNS, in their respective capacities as Trustees of the OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND; PENSION TRUST FUND FOR OPERATING ENGINEERS; PENSIONED OPERATING ENGINEERS' HEALTH AND WELFARE FUND; OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS PRE-APPRENTICESHIP, APPRENTICE AND JOURNEYMEN AFFIRMATIVE ACTION TRAINING FUND; HEAVY AND HIGHWAY COMMITTEE; OPERATING ENGINEERS LOCAL 3, and SCOTT KEENE,<br><br>Plaintiffs,<br><br>v.<br><br>FISHER CRANE SERVICES, LLC, A Wyoming limited liability company,<br><br>Defendant. | **COMPLAINT FOR BREACH OF CONTRACT AND DAMAGES**<br><br>Civil Action No. 11-CV-89-F |

Plaintiffs, for their complaint and for cause of action state and allege as follows:

## JURISDICTION

### I.

Federal jurisdiction exists because this action arises under and is brought pursuant to the

Employee Retirement Income Security Act, as amended (ERISA), 29 U. S.C. §§ 1132 and 1145, and

§301 of the Labor Management Relations Act (LMRA), 29 U.S.C. §185. Venue properly lies in this district under ERISA, 29 U.S.C. §1132(e)(2), since contributions are due and payable in the City of Casper, Wyoming.

## PARTIES

### II.

At all times material herein, Russ Burns and Gil Crosthwaite were Trustees of each of the Plaintiff Trust Funds. At all times material herein, each of the above-named Trust Funds was and now is an employee benefit plan organized and existing under the laws of the United States with a principal office in the County of Alameda, California. At all times mentioned herein, each of the above named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to §302 of the Labor Management Relations Act, 29 U.S.C. § 186, and a multi-employer benefit plan within the meaning of §§3 and 4 of the Employee Retirement Income Security Act, 29 U.S.C. §§1002 and 1003. Each of the above-named Plaintiff Trust Funds is administered by a Board of Trustees. All of the above named Trust Funds and their respective Board of Trustees shall hereinafter be designated collectively as "Plaintiff Trust Funds".

### III.

Operating Engineers Local 3, was and is a labor organization within the meaning of LMRA §301, 29 U.S.C. §185 and will hereinafter be designated as "Plaintiff Union". Plaintiff Trust Funds and Plaintiff Union are hereinafter collectively referred to as "Plaintiffs".

### IV.

Plaintiff Scott Keene, is a member of the Plaintiff Union and was dispatched at relevant time to work for Defendant.

### V.

At all times material herein, Fisher Crane, LLC (Fisher) has been an employer within the meaning of Section 3 (5) and Section 515 of ERISA, 29 U.S.C. Section 1002 (5), 1145 and employers in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. Section 185.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS

### VI.

At all times material herein, Defendant Fisher has been bound to a written Collective Bargaining Agreement with the Operating Engineers Local 3 (hereinafter "Union"), a labor organization within the meaning of LMRA §301, 29 U. S. C. § 185. The Collective Bargaining Agreement incorporates into it the terms and conditions of the Master Agreement for Operating Engineers (hereinafter referred to as "Master Agreement).

### VII.

Each of the above-mentioned Collective Bargaining and Trust Agreements provides for prompt payments of all employer contributions to the various Trust Funds and the Trust Agreements provide for liquidated damages, not as a penalty but as a reasonable attempt to provide for payments to cover the damages incurred by the Trust Funds in the event of a breach by the employer where it

would have been impracticable or extremely difficult to ascertain the losses to the Trust Funds. Said Trust Agreements also provide for the payment of interest on all delinquent contributions, attorneys' fees, and other collection costs.

## VIII.

The applicable Collective Bargaining and Trust Agreements provide for the audit of the signatory employer or employer's books and records in order to permit the Trustees of the Plaintiff Trust Funds to ascertain whether all fringe benefit contributions have been paid as required by the applicable labor agreements and laws.

## IX.

By said written agreements, Defendant Fisher promised that upon written request, they would permit a trust fund auditor to enter upon the premises of said Defendant Fisher during business hours, at a reasonable time or times, and to examine and copy such books, records, papers and reports of theirs as may be necessary to determine whether the employer is making full and prompt payment of all sums required to be paid by them to Plaintiffs.

## X.

In violation of the Labor Agreement and Trust Agreements referenced herein, Defendant Fisher has not paid any required Trust Fund contributions for Plaintiff, Scott Keene, for the period of August 29, 2004 through September 30, 2006, inclusive.

4

## XI.

Based on a review of records retained by the Plaintiff Trust Funds, Defendant Fisher owes Plaintiffs the amount of $16,848.37, which includes $9,388.25 in delinquent contributions, $1,421.50 in liquidated damages, and $6,038.62 in interest, audit costs in the amount of $635.54, plus accruing interest.

## XII.

Plaintiffs are entitled to reasonable attorneys' fees, liquidated damages, interest, and other reasonable expenses incurred in connection with this matter due to the failure and refusal of Defendant Fisher to pay all fringe benefit contributions due and owing pursuant to the terms of the applicable Collective Bargaining Agreements, Trust Agreements, and ERISA 29 U.S.C. §§ 1132(g)(2), and 1145.

### **FIRST CLAIM FOR RELIEF**
**(Delinquent Contributions)**

## XIII.

The allegations of Paragraphs 1 through 12 hereof are incorporated herein as if fully set forth.

## XIV.

Defendant Fisher has failed to pay contributions to the Plaintiffs, on behalf of Defendant Fisher's employee, Scott Keene, in violation of the Collective Bargaining Agreement and Trust Agreements, as well as ERISA 29 U.S.C. §1145.

Pursuant to ERISA 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to judgment against Defendant Fisher as follows:

a. That Defendant Fisher be ordered to pay Plaintiffs all such contribution amounts as may be determined to be due, as required by the Labor Agreement, Trust Agreements, and ERISA, plus the following:

    (1) Liquidated damages in an amount equal to 20% of the unpaid amount determined to be due.

    (2) Interest on all unpaid contributions due, calculated at the rate of 12% per annum from the date due to the date of payment.

    (3) All costs attendant to the audit or accounting of Defendant Fisher's payroll books and records.

    (4) Reasonable attorney's fees and costs as determined by the Court in accordance with ERISA 29 U.S.C. § 1132(g)(2).

    (5) All costs of Court incurred in this action.

b. That Plaintiffs be entitled to a continuing recovery of any delinquencies in payment of contributions, interest, liquidated damages, costs and attorney's fees that may be incurred during the period from the date of this Complaint through final disposition of this matter by the Court.

c. That Defendant Fisher be specifically required to perform and to continue to perform all of its obligations, particularly to furnish to Plaintiffs the required monthly contribution reports referenced herein, together with the required contributions, so that Plaintiffs will not suffer continuing, substantial, and irreparable injury, loss, and damages.

d. That Plaintiffs have such other and further relief as the Court may deem just and equitable.

## XV.

Plaintiffs are entitled to reasonable attorneys' fees, liquidated damages, interest, and other reasonable expenses incurred in connection with this matter due to the failure and refusal of Defendant Fisher to pay all fringe benefit contributions due and owing pursuant to the terms of the applicable Labor Agreements, Trust Agreements, and ERISA 29 U.S.C. §1132(g)(2).

WHEREFORE, Plaintiffs pray judgment against Defendant as follows:

1. For unpaid contributions past-due;
2. For actual damages according to said audit;
3. For liquidated damages in an amount equal to 20% of the unpaid amount determined to be due;
4. For prejudgment interest and post judgment interest at the highest legal rate;
5. For attorneys' fees, court costs, and other reasonable expenses incurred in connection with this action; and
6. For such other and further relief as this Court deems just and proper.

DATED this _____ day of _____, 2011.

GIL CROSTHWAITE and RUSS BURNS, in their respective capacities as Trustees of the OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND; PENSION TRUST FUND FOR OPERATING ENGINEERS; PENSIONED OPERATING ENGINEERS' HEALTH AND WELFARE FUND; OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS PRE-APPRENTICESHIP, APPRENTICE AND JOURNEYMEN AFFIRMATIVE ACTION TRAINING FUND; HEAVY AND HIGHWAY COMMITTEE; OPERATING ENGINEERS LOCAL 3, and SCOTT KEENE

BY: _____
David Evans, #5-1660
HICKEY & EVANS, LLP
1800 Carey Avenue, Suite 700
P.O. Box 467
Cheyenne, WY 82003
(307) 634-1525
devans@hickeyevans.com